# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ALVAREZ-RIOS,<br><br>         Defendant-Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | CASE NO. 08-CV-0087 W<br>              07-CR-2282 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 14]** |

On January 14, 2008, Petitioner Fernando Alvarez-Rios, a federal prisoner proceeding *pro se*, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2255. Respondent United States of America opposes. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition.

## I.   BACKGROUND

On April 24, 2006, Petitioner was lawfully deported and removed from the United States after being convicted of an aggravated felony for attempted robbery. (*Plea Agree.* [Doc. 11], ¶ 4.) Less than three months later, Petitioner was arrested in the United States for presenting a false identification, being under the influence of a controlled

substance and attempted possession of a controlled substance. Petitioner was booked into county jail, and later sentenced to 16 months in state prison. (*Compl.* [Doc. 1], 2.)

After serving his state prison sentence, on July 23, 2007, Petitioner was referred to Immigration and Customs Enforcement custody where a records check revealed that he was a citizen of Mexico, had been deported from the United States, and had no legal right to enter or remain in the United States. (*Id.*) Accordingly, a complaint was filed the following day charging Petitioner with violating 8 U.S.C. § 1326 (residing in the United States without express consent for admission from the Attorney General). (*Compl.* [Doc. 1], 1.)

On September 24, 2007, Petitioner entered a Plea Agreement. (*Plea Agree.* [Doc. 11].) Under its terms, Petitioner pled guilty to one misdemeanor count of Illegal Entry in violation of 8 U.S.C. § 1325, and two felony counts of Illegal Entry in violation of 8 U.S.C. § 1325. (*Id.*, ¶ 2.) In entering the Plea Agreement, Petitioner admitted that he "unlawfully entered . . . the United States, or eluded examination and inspection by immigration officers, . . . or obtained entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact." (*Id.*, ¶ 4.) Petitioner further agreed that because he had previously been lawfully deported and removed, he would receive a 16-level increase in the offense level. (*Id.*)

The Plea Agreement further provided that the Sentencing Guidelines should be computed to result in a Total Offense Level of 21, and that Petitioner would receive a sentence of 48 months of incarceration, followed by 1-year of supervised release. (*Id.*, ¶ 5, 9.) The parties also agreed that the Petitioner would not request downward departures or other sentence reductions. (*Id.*, ¶ 6.) Petitioner "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence . . . ." (*Id.*, ¶ 12.)

Petitioner was sentenced in accordance with the Plea Agreement. Specifically, Petitioner received 48 months of incarceration, followed by 1-year of supervised release. (*Judgment* [Doc. 13], 2-3.)

On January 14, 2008, Petitioner commenced the present section 2255 proceeding. Respondent filed an opposition. To date, Petitioner has not filed a response.

## II. DISCUSSION

Petitioner requests a reduction in his sentence because he contends his status as a deportable alien renders him ineligible for housing in a minimum security facility or community correctional facility. Petitioner also requests a reduction if he stipulates to a final deportation order. Finally, Petitioner contends that his sentence violates the Equal Protection Clause.

Respondent responds that in addition to the fact that Petitioner's habeas request lacks merit, Petitioner entered into a Plea Agreement and waived his right to challenge his sentence. The Court agrees that Petitioner waived his right to collaterally attack his sentence.

Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce a petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the petitioner agreed to its terms knowingly and voluntarily. See id. A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the Plea Agreement with his attorney's advice and consent. (*Plea Agree.*, ¶ 15.) Petitioner acknowledged that he had read the agreement, that he discussed its terms with defense counsel and that he "fully

underst[ood] its meaning and effect." (*Id.*)  Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that the petitioner is waiving his right to appeal.  See Nunez, 223 F.3d at 958.  A reviewing court applies contract principles, including the parole evidence rule.  See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996).  Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument."  Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990).

Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this plea agreement at the time of sentencing or statutory mandatory minimum term, if applicable.  If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.  If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agree.*, ¶ 12.)  Thus, Petitioner agreed to waive collateral attack so long as the Court did not impose a sentence longer than the high end of the offense level recommended by the Government.  Because Petitioner's sentence of 48 months of incarceration followed by 1-year of supervised release did not exceed the high end of the recommended offense level, the terms of his Plea Agreement bar this collateral attack.  The Court is, therefore, prevented from granting the habeas relief requested herein.

### III.  CONCLUSION AND ORDER

     In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus. [Doc. 24.]  The Clerk of the Court shall close the district court file.

**IT IS SO ORDERED.**

DATED: January 19, 2011

                                                    Hon. Thomas J. Whelan
                                                   United States District Judge